**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JENNIFER MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:05-cv-395-SEB-JMS |
| ) | |
| LINDA S. MCMAHON, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant.[1] ) | |

**Entry Discussing Complaint for Judicial Review**

Jennifer Moore ("Moore") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*.

For the reasons explained in this Entry, the Commissioner's decision must be **affirmed.**

**I. BACKGROUND**

Moore filed applications for SSI and DIB on November 28, 2001, alleging an onset date of disability of December 31, 1998. Her applications were denied initially and upon reconsideration. Her request for a hearing before an Administrative Law Judge ("ALJ") was granted, and such hearing was conducted on May 28, 2003. Moore was present, accompanied by her attorney. Medical and other records were introduced into evidence, and Moore, a friend, and a vocational expert ("VE") testified at the hearing. The ALJ issued a decision on June 27, 2003, denying benefits. On January 21, 2005, the Appeals Council denied Moore's request for review, making the ALJ's decision final, *see Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994), and this action for judicial review of the ALJ's decision followed. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

---

[1]On January 20, 2007, Linda S. McMahon became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the *Federal Rules of Civil Procedure*, Linda S. McMahon, in her official capacity only, is substituted as the defendant in this action.

The ALJ's decision included the following findings: (1) Moore met the disability insured status requirements of the Act at all times relevant to the ALJ's decision; (2) Moore had not engaged in substantial gainful activity since December 31, 1998; (3) the medical evidence established that Moore had fibromyalgia and personality disorder with anxiety and agorophobia, "severe" impairments, and that she did not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4; (4) Moore retained the residual functional capacity ("RFC") to perform simple repetitive light exertional work with no more than superficial contact with supervisors, co-employees and the general public; (5) Moore's subjective complaints and allegations concerning the severity of her impairments were not reasonably consistent with the objective medical and other evidence of record; (6) Moore was unable to perform her past relevant work as a pizzamaker or irrigation installer helper; (7) Moore was a younger individual, she had a general equivalency diploma, and had no transferable skills; (8) based on an exertional capacity for light work, and Moore's age, education and work experience, Medical-Vocational Rule 202.21 would direct a conclusion of "not disabled;" and (9) although Moore's limitations did not allow her to perform the full range of light work, using Rule 202.21 as a framework for decisionmaking, there were a significant number of jobs in the State of Indiana that she could perform, such as assemblers (30,445 jobs), hand sorters (1,750 jobs), and hand-packers (5,126 jobs). With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that Moore had not been "disabled" within the meaning of the Act at any time relevant to the ALJ's decision.

## II.  DISCUSSION

### A.  Applicable Law

To be eligible for DIB and SSI, a claimant must prove she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).  To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 416.908; 404.1508.

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Butera v. Apfel,* 173 F.3d 1049, 1054 (7th Cir. 1999).

> In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his

impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir.1997); 20 C.F.R. § 416.920.

*Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B.     Analysis

The ALJ determined that Moore had "severe" impairments of fibromyalgia and personality disorder with anxiety and agoraphobia, but that she could perform a significant number of jobs in the State economy and was, therefore, not disabled. (R. at 25-26). Moore argues that substantial evidence does not support the ALJ's decision, that the ALJ failed to appropriately weigh the physician opinions of record, and that the ALJ committed legal and factual errors in determining Moore's credibility.

Moore contends that the ALJ's decision is not supported by substantial evidence because he misconstrued significant portions of the record. She argues that the ALJ erred in finding, when discussing her daily activities, that she "lives independently, adequately performs self-care, does household chores, drives herself to appointments, and reads, paints, and watches television in her leisure time." (R. at 21). Specifically, she asserts that consulting examining physician Dr. Fink erroneously reported that Moore lived independently. The court finds, however, that at the time Dr. Fink saw Moore, in February 2002, she did report living by herself. (R. at 261). In July 2002, Moore also reported living alone. (R. at 177). At the hearing, Moore stated that she had "lived on and off" with Julie Nichols for seven years. (R. at 60). Ms. Nichols reported that they had lived together for five and a half years out of the past seven. (R. at 67). Nichols worked nights and slept during the day, Moore did laundry, watched television, and stayed around the house. *Id.* Under these circumstances, the ALJ's finding that Moore "lived independently" is supported by substantial evidence. In addition, Moore testified that she drove only when she absolutely had to and usually had someone drive her places, but she did drive to her appointment with Dr. Fink because it was close to her home. (R. at 71-72). In July 2002, she mentioned no limitations in her ability to drive. (R. at 181). Although stating that Moore "drives herself to appointments" is true some of the time, the ALJ could have discussed further her fear of driving. This issue, however, does not taint the ALJ's overall analysis of Moore's RFC to a degree which warrants a remand.

Moore further argues that the ALJ improperly discredited the opinion of treating psychiatrist Dr. Schultheis and relied instead on the opinion of examining psychologist Dr. Fink. Dr. Schultheis opined that Moore was unable to work. The Seventh Circuit discussed the "treating physician rule" in *Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006), noting that if well-supported evidence is introduced which contradicts the opinion of a treating physician, then the treating physician evidence is not controlling and it is just one more piece of evidence to consider. "[T]he weight properly to be given to testimony or other evidence of a treating physician depends on circumstances." *Id.*

Here, the ALJ discussed the fact that more weight is generally given to opinions of treating physicians because of their long-term relationship with their patient, but that that is not the case if the opinion is not well supported by the medical record and is inconsistent with other substantial evidence of record. (R. at 24). Here, the ALJ concluded that Dr. Schulteis' opinion was not well supported by the medical evidence and was inconsistent with other substantial evidence of record, and he therefore did not give the opinion controlling weight. *Id.* The ALJ discussed the record in relation to Dr. Schulteis' opinion, and provided a reasonable explanation for his conclusion in this regard. *Id.*

The ALJ also correctly noted that the ultimate decision as to a claimant's ability to work is reserved to the Commissioner. (R. at 24) (citing 20 C.F.R. §§ 404.1527(e) and 416.927(e); Social Security Ruling 96-2p). A treating physician's statement that a claimant is disabled or cannot work is not conclusive. *See Clifford v. Apfel,* 227 F.3d 863, 870 (7th Cir. 2000) ("A claimant, however, is not entitled to disability benefits simply because a physician finds that the claimant is 'disabled' or 'unable to work.'").

The ALJ's assessment that Moore could perform simple work-related tasks is consistent with the findings of the consulting psychologist Dr. Fink and with the opinion of the state agency reviewer, Dr. Pressner, PhD. (R. at 258). The ALJ acknowledged that Moore's mental impairment did restrict her ability to work, and he accommodated her anxiety and discomfort around people by limiting her to simple, repetitive light work with no more than superficial contact with supervisors, co-workers and the general public. The court must decline any invitation to resolve conflicts in or reweigh the evidence. *Diaz v. Chater,* 55 F.3d 300, 305 (7th Cir. 1995) ("We cannot substitute our own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled."). The court is able to trace the path of the ALJ's reasoning and his analysis of the treating physician's opinion is supported by substantial evidence.

Finally, Moore argues that the ALJ erred in evaluating her credibility. Specifically, she argues that the ALJ mischaracterized her daily activities and ignored the testimony of her friend, Ms. Nichols. As discussed above, the ALJ's discussion of Moore's daily activities provided an adequate overview of Moore's general abilities to function.

It is true that the ALJ did not mention Ms. Nichols' testimony, nor did the Commissioner respond to this argument. Nichols testified that she lived with Moore, that she worked nights, that Moore slept a lot, watched TV, did laundry and puttered around the

4

house. (R. at 67). She further testified that Moore worked for three years at a pizza place making pizzas. (R. at 68). Nichols stated that she was a manager there and that sometimes Moore would walk out in the middle of her shift, and that Moore was not fired only because Nichols was the manager. (R. at 68-69). The ALJ did acknowledge that Moore testified that she had no trouble making pizzas as long as nobody was with her. (R. at 23, 73). The ALJ discussed Moore's attempts to work at various jobs and concluded that they did not constitute substantial gainful activity. (R. at 21). The ALJ further noted Moore's testimony that she had moderate discomfort in social settings, rising to the level of panic attacks. (R. at 21). He noted that Moore performed self-care, did household chores, read, painted, and watched television in her leisure time. *Id.* The ALJ need not evaluate in writing every piece of testimony as long as he adequately articulates his assessment of the evidence to assure the court that he considered the important evidence and to enable the court to trace the path of his reasoning. *Books v. Chater*, 91 F.3d 972, 980 (7th Cir. 1996) (internal citations omitted). Nichols' testimony essentially reiterated and corroborated Moore's own testimony and did not constitute a separate line of evidence. Accordingly the ALJ did not err in failing to specifically discuss Nichols' testimony.

In this case, the ALJ determined that Moore's allegations concerning the severity of her symptoms were not reasonably consistent with the objective medical and other evidence of record. (R. at 23-25). The proper criteria to consider when evaluating a claimant's credibility include: daily activities; the location, duration, frequency, and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness, and side-effects of medication; treatment, other than medication, for relief of pain; and the objective medical evidence and other evidence. Social Security Ruling 96-7p. The ALJ discussed the medical evidence, outpatient clinic notes, psychiatric progress notes, consulting mental status examination, and evaluations by State Agency experts. (R. at 22-24). He also discussed her history of treatment with several medications and the lack of side effects. (R. at 23). The ALJ reviewed Moore's testimony that she maintained relationships with her grandmother and friends and that she was not housebound, and that she performed daily activities similar to tasks found in the work world. *Id.* The ALJ credited Moore's reports of functional limitations to some extent in assessing his RFC, finding that she should not have more than superficial contact with other co-workers.

The court grants special deference to the credibility determination made by the ALJ and generally will not overturn an ALJ's credibility finding unless it is "patently wrong." *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir.2001). In this case, the ALJ provided reasons supported by record evidence for finding not fully credible Moore's allegations that she was totally disabled. The ALJ's discussion relating to Moore's credibility is adequate to allow the court to trace his reasoning. The court does not find that the ALJ's analysis is patently wrong, and therefore, must affirm the ALJ's credibility determination.

In determining Moore's eligibility for benefits, the ALJ applied the proper analytical methodology and fairly considered and weighed the evidence. The ALJ's decision was based on consideration of: (1) Moore's age, education, and work history; (2) Moore's history of diagnoses, treatment, medications, and evaluations; (3) Moore's own account of

5

her conditions, capabilities, limitations, symptoms and daily routine; and (4) the testimony of Moore and a VE.

There was no significant evidence, symptom, complaint, or issue which the ALJ's decision overlooked. The ALJ discussed the evidence and explained his rationale for accepting and rejecting the various opinions of record. (R. at 21-25). As noted above, the court cannot reweigh the evidence. Substantial evidence supports the ALJ's findings of fact and identification and assessment of Moore's impairments, and there was no error of law in the manner in which the evidence was evaluated. The ALJ sufficiently articulated his assessment of the evidence and there was substantial evidence to support the ALJ's determination that Moore was not disabled as defined in the Act at any time relevant to the ALJ's decision.

### III. CONCLUSION

There was no reversible error in the assessment of Moore's applications for DIB and SSI. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error. In these circumstances, Moore is not entitled to relief in this action. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/09/2007

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana